# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**MACH SAR**                                                                          **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:21-CV-P160-GNS**

**WARREN COUNTY REGIONAL JAIL** *et al.*                              **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

## I.

Plaintiff Mach Sar indicates that he is incarcerated as a convicted prisoner at Warren County Regional Jail (WCRJ).  He brings this action against WCRJ, WCRJ Jailer Stephen Harmon, and the Warren County Sheriff's Department (WCSD).

Plaintiff makes the following allegations *in toto*:

> While being transported to the court house for trial an electronic shackle was placed on my right leg.  By the end of the court precedings it had burned a large spot on my leg, leaving a permanent scar.  No incident occurred throughout which would've elicited the use of said shackle.  According to a deputy at the jail it was unintentionally left on resulting in a serious burn.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the

complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

   "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

   Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Because Plaintiff indicates that he is a convicted prisoner, the Court construes the complaint as asserting Eighth Amendment claims for deliberate indifference to Plaintiff's health and/or safety.[1]  The Eighth Amendment's prohibition of "cruel and unusual punishments" requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  A prisoner who alleges that that his safety was endangered due to the conditions of confinement must satisfy an objective and subjective component under the Eighth Amendment.  The objective component requires an inmate to show that the alleged deprivation is "sufficiently serious" and poses "a substantial risk of serious harm." *Harrison v. Ash*, 539 F.3d 510, 517-18 (6th Cir. 2008).  The second component requires the inmate to

---

[1]If Plaintiff had been a pretrial detainee at the time of the incident, the Court would analyze his claims under the Fourteenth Amendment.  *See Richmond v. Huq*, 885 F.3d 928 (6th Cir. Mar. 22, 2018) ("The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment.  The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.) (citation omitted).  *In Brawner v. Scott Cty.*, 14 F.4th 585 (6th Cir. 2021), the Sixth Circuit held that the traditional Eighth Amendment deliberate-indifference standard was no longer applicable to Fourteenth Amendment claims brought by pretrial detainees and that a "modified" deliberate-indifference standard of recklessness now applies.  The *Brawner* court explained the recklessness standard as follows:

> A pretrial detainee must prove "more than negligence but less than subjective intent—something akin to reckless disregard." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); *see Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017) ("[T]he pretrial detainee must prove that the defendant-official acted [or failed to act] intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."); *Griffith v. Franklin Cty.*, 975 F.3d 554, 589 (6th Cir. 2020) (Clay, J., concurring in part and dissenting in part) (explaining that a pretrial detainee must prove that the defendant acted "intentionally to ignore [her] serious medical need or recklessly failed to act with reasonable care to mitigate the risk that the serious medical need posed to the pretrial detainee, even though a reasonable official in the defendant's position would have known, or should have known, that the serious medical need posed an excessive risk to the pretrial detainee's health or safety").

*Id*. at 596-97.  Here, because Plaintiff's allegations suggest nothing more than negligence, he would also fail to state a claim under this Fourteenth Amendment standard.

3

demonstrate deliberate indifference by showing that prison officials had "a sufficiently culpable state of mind," *i.e.,* that they knew of and disregarded an excessive risk to inmate health or safety. *Id*.  Deliberate indifference "entails something more than mere negligence." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (quoting *Farmer*, 511 U.S. at 835).  Indeed, to establish deliberate indifference a plaintiff must show: (1) "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner"; (2) the official "did in fact draw the inference"; and (3) the official "then disregarded that risk." *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014) (citation and quotations omitted).

Here, even if Plaintiff's allegations satisfy the objective component of the Eighth Amendment standard, Plaintiff fails to allege that Defendant Harmon or any other WCRJ or WCSD official acted with deliberate indifference.  Plaintiff does not allege that any official knew that his electronic shackles had been left on or would cause a burn or that he told any official that the shackles were burning his leg.  Rather, he specifically states that a WCRJ deputy told him that the shackles had been left on "inadvertently."  Thus, the Court concludes that the complaint alleges nothing more than negligence.

For these reasons, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date:  December 29, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Warren County Attorney
4416.011

4